# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

ANTHONY FESTA,

Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

Case No. 2:17-cv-00850-APG-NJK

**SCREENING ORDER ON AMENDED COMPLAINT**

On March 21, 2017, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). On May 12, 2017, Plaintiff filed a motion to file an amended civil rights complaint and submitted an amended civil rights complaint. (ECF No. 12, 12-1). Plaintiff also has filed a motion for appointment of counsel (ECF No. 2) and a motion to extend the prison copy work limit (ECF No. 14).

An amended complaint supersedes an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint is the amended complaint submitted on May 12, 2017. (ECF No. 12-1). (ECF No. 13). The Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses Plaintiff's motion for appointment of counsel and motion for an extension of his copy work limit.[1]

---

[1] On March 21, 2017, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 1.) On March 27, 2017, the Court denied that application without prejudice. (ECF No. 4). On April 3, 2017, Plaintiff filed another application for leave to proceed *in forma pauperis* (ECF No. 7), which the Court denied without prejudice on April 7, 2017 (ECF No. 8). On April 11, 2017, Plaintiff filed a motion for an extension of time to file a complete application to proceed *in forma pauperis*. (ECF No. 9). Plaintiff filed an application to proceed *in forma pauperis* on May 12, 2017 (ECF No. 11) and filed yet another application to proceed *in forma pauperis* on May 18, 2017 (ECF No. 13). The Court denies the motion for an extension of time (ECF No. 9) and the May 12, 2017 application to proceed *in forma pauperis* (ECF No. 11) as moot. The Court defers a decision on the May 18, 2017 application to proceed in forma pauperis (ECF No. 13).

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d

756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

II. **SCREENING OF AMENDED COMPLAINT**

In the amended complaint, Plaintiff sues multiple defendants for events that took place at High Desert State Prison (HDSP). (ECF No. 12-1 at 1). Plaintiff sues Defendants

Nevada Department of Corrections, Officer Gordon, Brian Williams, Jennifer Nash, James Dzurenda, Lieutenant Provencal, and Brian Sandoval.[2] (*Id.* at 2-3). He alleges two counts and seeks monetary damages, injunctive relief, and declaratory relief. (*Id.* at 4-5, 9).

In his amended complaint, Plaintiff alleges the following: Plaintiff had Defendant Gordon come in his cell. (*Id.* at 3). Defendant Gordon hit Plaintiff's cell and said "This guy's a faggot." (*Id.*) Everyone said he was not. (*Id.*) Defendant Gordon said "Look , here's a naked picture of a guy and here's his gay flag." (*Id.*) Plaintiff filed a PREA complaint. (*Id.*) The next day Defendant Gordon kept making comments about homosexuality. (*Id.*) Plaintiff therefore was moved for his safety. (*Id.*) Plaintiff yelled retaliation when Lieutenant Provencal wrote Plaintiff up and gave the write-up to Defendant Gordon to retaliate some more. (*Id.*) Defendant Gordon kept coming by his cell even after Plaintiff told him that the PREA complaint was filed. (*Id.*) This happened three more times even after Plaintiff informed the warden and the governor, and they still did not fix the problem. (*Id.*) In addition, Defendant Gordon harassed Plaintiff at his disciplinary hearing. (*Id.* at 5).

Plaintiff alleges that this conduct violated his Fourteenth Amendment right to equal protection and his First Amendment against retaliation. (*Id.* at 4-5).

### A. Equal Protection

Plaintiff alleges that Defendant Gordon violated his Fourteenth Amendment rights by not treating him equally to similarly situated inmates. (ECF No. 12-1 at 4).

The Equal Protection Clause of the Fourteenth Amendment is essentially a directive that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an

---

[2] The court dismisses, with prejudice, all claims against the Nevada Department of Corrections because it is an arm of the state of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

When analyzing a discrimination claim under the Fourteenth Amendment, the courts "must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test." *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990).

In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008).

The Supreme Court held that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* Although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held that the theory does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012).

To state a "class-of-one" equal protection claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012).

Plaintiff fails to state a colorable equal protection claim. Plaintiff has not alleged that he is a member of a protected class and he has not alleged facts demonstrating that Defendant Gordon acted with the intent and purpose to discriminate against him based upon membership in a protected class. To the extent Plaintiff is seeking to state an equal protection claim based on a class of one theory, Plaintiff fails to state a colorable claim because he has not sufficiently alleged who is similarly situated to him, what the intentional and disparate treatment was, and whether there was a rational basis for Defendant Gordons' conduct. The Court therefore will dismiss this claim without prejudice and with leave to amend. If Plaintiff chooses to amend this claim, he should identify the relevant protected class or describe the similarly situated group. He also should describe how Defendant Gordon "harassed" him, what the reason was for this conduct and the difference in treatment between Plaintiff and the similarly situated group.

**B. Retaliation**

Plaintiff alleges that, after he filed a PREA complaint against Defendant Gordon, Gordon harassed him three times at his cell and one time at his disciplinary hearing. (ECF No. 12-1 at 5). He further alleges that Defendant Gordon took these actions to deter Plaintiff from filing grievances, PREA complaints, and a § 1983 lawsuit. (*Id.*) Plaintiff alleges that this violated his First Amendment right against retaliation. (*Id.*)

Verbal harassment alone is insufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). However, prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism

to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69.

Plaintiff fails to state a colorable retaliation claim against Defendant Gordon. Plaintiff has not adequately alleged what the adverse action by Defendant Gordon was. He vaguely alleges that Defendant Gordon "harassed" him, but he does not say what this harassment was. Furthermore, Plaintiff does not allege that he actually was chilled in the exercise of his First Amendment rights. Although total chilling is not required, without adequate allegations of what the harassment was, the Court cannot tell whether this conduct would chill or silence a person of ordinary firmness from future First Amendment activities. Therefore, the Court will dismiss the First Amendment claim against Defendant Gordon without prejudice, with leave to amend. If Plaintiff chooses to amend this claim against Defendant Gordon, Plaintiff should allege facts showing what the harassment was, why Defendant Gordon engaged in this conduct, and what chilling effect, if any, it had on Plaintiff.

Plaintiff also fails to state a retaliation claim against Defendant Provencal. Plaintiff seems to be alleging that Lieutenant Provencal wrote Plaintiff up and gave the write-up to Defendant Gordon to retaliate against Plaintiff. (*Id.*) Plaintiff has not alleged what the protected conduct was, why Defendant Provencal did this, whether there was a legitimate correctional goal, and whether the adverse conduct chilled the exercise of First

Amendment rights. Because Plaintiff has not adequately alleged what the resulting retaliatory conduct was, the Court once again cannot tell if the conduct would chill or silence a person of ordinary firmness from future First Amendment activities. Therefore, the Court will dismiss the First Amendment claim against Defendant Provencal without prejudice, with leave to amend. If Plaintiff chooses to amend this claim against Defendant Provencal, he should allege facts sufficient to show what the protected conduct was, what the write-up was, why Defendant Provencal showed the write-up to Defendant Gordon, what Defendant Gordon did in response, and what chilling effect, if any, Defendant Provencal's actions had on Plaintiff's exercise of his First Amendment rights.

Plaintiff also fails to state a retaliation claim against Defendants Williams, Nash, Dzurenda, and Sandoval. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Here, Plaintiff has not adequately alleged what it is that Defendants Williams, Nash, Dzurenda, and Sandoval did to retaliate against him. Plaintiff alleges that Defendant Gordon harassed him "even after Plaintiff informed the warden and the governor," but does not allege what this harassment was, what it is that he told the warden and governor, what each Defendant knew, and what each Defendant did. The Court therefore will dismiss the retaliation claim against these defendants without prejudice, with leave to amend. If Plaintiff chooses to amend this claim, he should allege what each Defendant did to violate his First Amendment rights.

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the amended complaint. If Plaintiff chooses to file a second amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action shall be dismissed with prejudice for failure to state a claim.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 2). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to

articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court notes that Plaintiff states that he is mentally disabled, but provides no other information. (ECF No. 2). Therefore, at this time, the Court will deny the motion without prejudice.

### IV. MOTION FOR EXTENSION OF COPY WORK LIMIT

Plaintiff has filed a motion to extend his copy work limit. (ECF No. 1-8). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). In this case, the Court grants Plaintiff's request to extend his copy work account limit by another $3.00.

### V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for leave to file an amended complaint (ECF No. 12) is granted.

It is further ordered that the Clerk of the Court will file the amended complaint (ECF No. 12-1).

IT IS FURTHER ORDERED that the amended complaint (ECF No. 12-1) is the operative complaint.

IT IS FURTHER ORDERED that the motion for an extension of time to file an application to proceed *in forma pauperis* (ECF No. 9) and the May 12, 2017 application to proceed *in forma pauperis* (ECF No. 11) are denied as moot.

IT IS FURTHER ORDERED that a decision on the May 18, 2017 application to proceed *in forma pauperis* (ECF No. 13) is deferred.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 12-1) is dismissed in its entirety without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Nevada Department of Corrections is dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to extend his copy work account (ECF No. 14) is granted in the amount of $3.00. The Nevada Department of Corrections shall extend Plaintiff's prison copy work limit by another $3.00.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of his amended complaint, as outlined in this order, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice for failure to state a claim.

Dated: February 20, 2018.

_____
UNITED STATES DISTRICT JUDGE