UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY FESTA,<br><br>                            Plaintiff,<br>    v.<br>NDOC, *et al.*,<br><br>                           Defendants. | Case No. 2:17-cv-00850-APG-NJK<br><br>ORDER |

## I. DISCUSSION

This action is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On March 30, 2018, Plaintiff filed a second amended complaint. Docket No. 21. On July 13, 2018, Plaintiff filed a motion for a temporary restraining order and included a large number of documents in support of that motion. Docket No. 22. On July 24, 2018, Plaintiff filed a motion that appears to request that the Court send him copies of the documents he submitted in support of his July 13, 2018, motion for a temporary restraining order. Docket No. 24.[1]

On July 20, 2018, Plaintiff filed a motion for appointment of counsel. Docket No. 27. On July 26, 2018, Plaintiff filed a motion that again requested appointment of counsel, moved for a

---

[1] On July 20, 2018, the Court denied Plaintiff's July 13, 2018, motion for a temporary restraining order. (ECF No. 20). Plaintiff then filed another motion for a temporary restraining order, which the Court also denied. (ECF Nos. 26, 31).

1

"120 day continuance,"[2] and moved to amend the complaint, though Plaintiff did not include a motion to amend the complaint.[3] Docket Nos. 29, 30. On August 2, 2018, Plaintiff filed yet another motion asking for a 120 day "continuance."[4] Docket No. 32. In that motion, Plaintiff also appears to ask the Court to amend his complaint to add particular allegations concerning retaliation and includes multiple exhibits. Docket No. 32 at 1-2.

**A. Leave to Amend**

It appears to the Court that Plaintiff seeks to amend his second amended complaint. The Court will not piecemeal documents together to determine whether Plaintiff states a colorable claim in his complaint. Therefore, to the extent Plaintiff asks the Court to supplement his second amended complaint with additional allegations or other documents he has filed with the Court, such requests are denied.

The Court will give Plaintiff leave to submit a <u>complete</u> third amended complaint. The Court notes that, if Plaintiff chooses to file a complete third amended complaint, Plaintiff shall file it within sixty (60) days from the date of entry of this order. Moreover, Plaintiff must file his third amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Third Amended Complaint."

If Plaintiff chooses to file a complete third amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all defendants and factual allegations that Plaintiff wishes to include in this lawsuit. In the

---

[2] The Court interprets the requests for a 120-day continuance as a motion to stay the case for 120 days.

[3] Plaintiff also moved for a 120-day "TRO continuance." Docket No. 29. That portion of the motion is DENIED as moot.

[4] There were no pending motions for a TRO at the time Plaintiff filed this motion. Therefore, that portion of the motion, Docket No. 32, is DENIED as moot.

third amended complaint, for each count, Plaintiff should allege the *facts* that support his claim. Plaintiff is not required to file exhibits with his complaint. Furthermore, Plaintiff is instructed **not** to file original documents with his Third Amended Complaint. However, Plaintiff may not amend his earlier complaint to add unrelated claims involving different defendants; adding such claims to an amended complaint will result in dismissal of those claims. Such claims must be brought in separate lawsuits.

If Plaintiff chooses not to file a complete third amended complaint, the Court will screen Plaintiff's second amended complaint, Docket No. 21, only.

Therefore, the Court DENIES Plaintiff's motions to amend the complaint (Docket Nos. 30, 32) as moot.

The Court will instruct the Clerk of the Court to send Plaintiff copies of Docket Numbers 21, 22, 25, 27, 28, 29, 30, and 31 with this order. Plaintiff is advised that this Court will **not** send Plaintiff any other copies of his filings. Plaintiff therefore is instructed **not** to file original copies of his documents with this Court in the future.

The Court also will DENY Plaintiff's requests to stay the case for 120 days. Docket Nos. 29, 32. The Court's screening order, which apprises Plaintiff of the amendments necessary to cure the deficiencies in his original complaint, was issued on Plaintiff has had the Court's screening order since February 20, 2018. Docket No. 15. Furthermore, Plaintiff now will have copies of all the documents he has filed with the Court. Plaintiff also will have 60 days from the date of this order to file a complete Third Amended Complaint.

### B. Motions for Appointment of Counsel

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court cannot assess the complexity of the case or the likelihood of success on the merits until it receives a Third Amended Complaint or is notified that Plaintiff intends to proceed on the Second Amended Complaint. The Court therefore DENIES the motions for appointment of counsel (Docket Nos. 27, 29) at this time.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff is granted leave to file a Third Amended Complaint.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file a complete Third Amended Complaint, as outlined in this order, Plaintiff shall file the complete amended complaint within sixty (60) days from the date of entry of this order.

It is further ordered that, if Plaintiff chooses to file a complete Third Amended Complaint, he must use the Court's approved form and he shall write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff does not file a complete Third Amended Complaint within sixty (60) days of the date of this order, the Court will screen Plaintiff's Second Amended Complaint (Docket No. 21) only.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff copies of Docket Numbers 21, 22, 25, 27, 28, 29, 30, and 31 with this order.

IT IS FURTHER ORDERED that Plaintiff's motion for an addendum, Docket No. 24, is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's motions to amend the complaint, Docket Nos. 30 and 32 are DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's motions for appointment of counsel, Docket Nos. 27 and 29, are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions for a 120-day stay, Docket Nos. 29 and 32, are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions for a 120-day TRO continuance, Docket Nos. 29 and 32, are DENIED as moot.

DATED THIS 3rd day of August, 2018.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE