UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY FESTA,<br><br>　　　　　　　Plaintiff,<br>v.<br>NDOC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:17-cv-00850-APG-NJK<br><br>ORDER<br><br>(Docket Nos. 71, 72, 73) |

This action is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On February 20, 2019, the Court imposed a 90-day stay and, on March 4, 2019, entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 59, 64. On April 10, 2019, the court-appointed mediator recused herself from this case. Docket No. 67. The Court therefore vacated the scheduled mediation conference and, in lieu of a formal mediation, encouraged Plaintiff and defense counsel to confer on the potential for settlement. Docket No. 68. The Court also ordered the Attorney General's Office to file its status report by May 24, 2019 and extended the stay of the case through that date. *Id.*

On May 3, 2019, in compliance with the Court's order, the Office of the Attorney General filed a status report. Docket No. 69. The status report included an attachment noting that the Court had vacated the mediation conference, stating that defense counsel had spoken with Plaintiff by phone, and stating that negotiations were not likely to result in settlement at this stage so the case should be returned to the litigation track. *See* Docket Nos. 69, 69-1.

On May 21, 2019, Plaintiff filed a motion asking the Court to order that the mediation be completed, to recuse and replace the Attorney General for dishonesty, and to direct the Attorney General to comply with the Court's orders. Docket No. 73. Plaintiff submits that the Attorney General lied to the Court by representing that a mediation occurred when, in fact, it did not because the mediator recused herself. *Id.* at 1-2. Plaintiff further asks the Court to order the mediation to

1

occur and to recuse the assigned Attorney General for dishonesty and replace him with another person from that office. *Id*. at 2. The Court finds that the Office of the Attorney General did not make any false representations regarding the mediation and has complied with the Court's orders. The Court therefore denies Plaintiff's motion.

Also pending before the Court is Plaintiff's motion for an extension of time to file a third amended complaint. Docket No. 71. Plaintiff already has filed a third amended complaint and the Court has screened it. Docket Nos. 39, 59. Therefore, this motion is denied as moot.

Finally, pending before the Court is Plaintiff's motion for leave to file a fourth amended complaint. Docket No. 72. He has not, however, attached a copy of the proposed amended complaint to the motion as is required by Local Rule 15-1. The Court therefore denies the motion to file a fourth amended complaint.

For the foregoing reasons, **IT IS ORDERED** that:

1. The motion to order that mediation be completed, that the Attorney General be recused and replaced, and that the Attorney General follow the Court's orders, Docket No. 73, is **DENIED**.

2. The motion for an extension of time to file a third amended complaint, Docket No. 71, is denied as moot.

3. The motion for leave to file a fourth amended complaint, Docket No. 72, is **DENIED**.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint, Docket No. 39, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected no later than **August 27, 2019**, pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order, Docket No. 59, no later than **June 19, 2019**, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney

General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint no later than **July 29, 2019**.

9. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10. This case is no longer stayed.

DATED: May 29, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE