# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY FESTA, | Case No.: 2:17-cv-00850-APG-NJK |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint** |
| v. | |
| BRIAN SANDOVAL, et al., | [ECF No. 86] |
| Defendants | |

Plaintiff Anthony Festa brings a prisoner civil rights suit under 42 U.S.C. § 1983 against various defendants.  This order addresses his claims against three prison officials: Justin Gordon, Michael Lavell, and Joshua Wikoff.[1]

In his third amended complaint (TAC), Festa alleges that while was detained at High Desert State Prison, Gordon repeatedly harassed and threatened him because he is gay. ECF No. 39 at 10–21.  Festa asserts that Wikoff intentionally withheld and interfered with his mail. *Id.* at 23.  And Festa alleges that Lavell refused to allow him to use the restroom, causing him to soil himself, in retaliation for grievances Festa had filed against Gordon. *Id.* at 24.  After screening, Festa's Eighth Amendment and equal protection claims against Lavell were allowed to proceed, but I dismissed his First Amendment retaliation claim against Lavell because he did not allege facts plausibly showing Lavell knew about Festa's grievances. ECF No. 59 at 17-18.  Gordon, Lavell, and Wikoff move to dismiss Festa's request for injunctive relief, his claims against them in their official capacities, and his Eighth Amendment and equal protection claims against Lavell.

---

[1] Wikoff's name is spelled numerous different ways in the papers.  The parties should determine the proper spelling of this defendant's name and move to amend the caption if necessary.

I grant the defendants' motion to dismiss because Festa's injunctive relief request is moot, his claims against the defendants in their official capacities are barred, he fails to allege confinement conditions that are objectively severe or prolonged, and Lavell is entitled to qualified immunity for the equal protection claim.  I deny Festa leave to amend his injunctive relief request, his claims against the defendants in their official capacities, and his equal protection claim because amendment would be futile.  But I grant him leave to amend his Eighth Amendment and First Amendment retaliation claims against Lavell.

## I.    DISCUSSION

### A.    Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  In making this determination, I take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### B.    Injunctive Relief

The defendants move to dismiss Festa's request for injunctive relief arguing that it is moot and vague.  They argue his request is moot because Festa is no longer in prison and it is

vague because it fails to identify the injunctive relief he is requesting.  Festa responds that his request is not moot because he could return to the same prison if he violates his parole requirements.  He argues his request is not vague because his complaint included sufficient allegations to support it and the court allowed Festa to proceed with this request.

Generally, an inmate's transfer to another prison facility or his release from prison will render moot any claims for injunctive and declaratory relief relating to prison conditions (unless the suit has been certified as a class action) because the inmate would no longer benefit from having the injunction issued. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).  There are two exceptions to this mootness doctrine.  First, a transferred prisoner's request for injunctive relief is not moot if the policy under which the alleged violation occurred is "system wide" and one of the defendants is in charge of the policy. *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015).  Second, a request for an injunction is not moot if the challenged action is "too short to be fully litigated prior to its cessation or expiration," and "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).  The mere possibility that a former prisoner will be sent to prison again is "too speculative to rise to the level of reasonable expectation or demonstrated probability . . . ." *Id*.

Festa's request for injunctive relief is moot because he is no longer in prison and neither exception applies.  His request does not meet the system wide policy exception because Festa was not transferred to another prison, he does not allege that any of the defendants' actions were based on a system wide policy, and none of the three defendants is a prison official with the authority to create or change prison policy. *See* ECF No. 39 at 4–6 (Lavell is a correctional officer while Wikoff and Gordon are senior correctional officers); *Id*. at 27–30 (Festa cites prison

3

1   policies to support his contention the defendants violated those policies).  Festa's injunctive

2   relief request does not meet the second exception because the possibility that he could return to

3   prison by violating parole is too speculative.  Even if Festa were to commit another crime or

4   violate his parole, there is no reasonable expectation that he would be convicted, return to the

5   same prison under the watch of the same officers, and be subject to similar alleged violations.

6   Accordingly, I grant the defendants' motion to dismiss Festa's request for injunctive relief.

7       **C.      Official Capacity**

8           The defendants argue that Festa's claims for money damages against them in their

9   official capacities are barred under the Eleventh Amendment and the jurisdictional limitations of

10  42 U.S.C. § 1983.  Festa responds that Nevada law allows prisoners to pursue a civil suit for

11  losses incurred during incarceration, despite the state's sovereign immunity, if the prisoner

12  exhausted all available administrative remedies.

13          Festa's § 1983 claims against the defendants in their official capacities are barred because

14  such claims are against the state itself and Nevada has not waived its sovereign immunity under

15  the Eleventh Amendment. *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); Nev.

16  Rev. Stat. § 41.031(3).  Neither a state nor an officers in their official capacity is considered a

17  "person" for purposes of a § 1983 claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

18  (1989).  Thus, plaintiffs can bring § 1983 claims against state officials in Nevada only in their

19  individual capacities. *See N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807

20  P.2d 728, 732 (Nev. 1991) (applying *Will* to determine that § 1983 claims cannot be maintained

21  against Nevada state officials and employees in their official capacities).

22          Festa contends that Nevada Revised Statutes § 41.031(1), which allows civil actions

23  against the State, and § 41.0337, which allows civil actions against state employees acting within

4

the scope of their employment, collectively allow him to bring § 1983 claims against the

defendants despite Nevada's sovereign immunity in § 41.031(3).  However, a "State may not, by

statute or common law, create a cause of action under § 1983 against an entity whom Congress

has not subjected to liability," and because "the word 'person' in § 1983 . . . exclude[s] States,

neither a federal court nor a state court may entertain a § 1983 action against such a defendant."

*Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 376 (1990).  Thus, neither § 41.0337 nor

§ 41.031 applies to § 1983 claims. *Craig v. Donnelly*, 439 P.3d 413, 415–16 (Nev. App. 2019)

("Because neither the State nor state employees in their official capacities can be proper

defendants to 42 U.S.C. § 1983 claims, Nevada Revised Statutes § 41.031 and § 41.0337

necessarily do not apply to such claims.").  Thus, I grant the defendants' motion to dismiss

Festa's § 1983 claims for money damages against them in their official capacities.

### D.    Eighth Amendment

In count four of his TAC, Festa alleges that during a prisoner transport, Lavell repeatedly

denied him access to the restroom causing him to defecate in a bag while he was waiting in a cell

with other prisoners. ECF No. 39 at 24.  Lavell argues that Festa fails to state a cognizable

Eighth Amendment claim because his allegations amount to only a minor and temporary

deprivation.  Festa counters that his allegations are distinguishable from the cases the defendants

cite because Lavell's conduct was retaliatory.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects

prisoners not only from inhumane methods of punishment, but also from inhumane conditions of

confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "Prison officials

have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation,

medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  To

state a cognizable Eighth Amendment claim for indifference to inhumane conditions of confinement, a plaintiff must plausibly allege facts that if true would show (1) under an objective standard that "the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation;" and (2) under a subjective standard that the defendant "acted with a sufficiently culpable state of mind." *Id.* (quotations omitted).

Objectively, "extreme deprivations are required to make out a conditions-of-confinement claim," and thus "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotation omitted).  Deprivations and unsanitary conditions of confinement that are temporary generally do not rise to the level of constitutional violations. *See Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995).

In assessing unconstitutional conditions of confinement claims, courts consider "[t]he circumstances, nature, and duration of a deprivation of these necessities." *Johnson*, 217 F.3d at 731.  "The more basic the need, the shorter the time it can be withheld." *Id.*  "[T]oilets can be unavailable for some period of time without violating the Eighth Amendment." *Id.* at 733. However, allegations that prisoners were held in a prison yard overnight with no access to toilet facilities, which made some inmates soil themselves, and that the inmates were then left in soiled pants for four days were sufficient to state an Eighth Amendment violation. *Id.* at 732.  Likewise, allegations that inmates were held in a prison yard overnight with no access to toilets and that prisoners were allowed to relieve themselves only in a manner that inevitably resulted in them urinating on other inmates were sufficient to state a claim. *Id.* at 733.[2]

---

[2] *See also McCray v. Burrell*, 516 F.2d 357, 366–69 (4th Cir. 1974) (holding that a prisoner stated a claim where he alleged that he was deprived of clothes and held in a concrete cell with an excrement encrusted pit toilet for two days without bedding, sink, washing facilities, or toilet

1    In his TAC, Festa does not state how long the alleged incident occurred.  But he attaches

2  to his complaint the notice of charges that Lavell filed against him for this incident.[3]  The notice

3  of charges states that Lavell began allowing prisoners to use the restroom at 5:45 a.m., and Festa

4  repeatedly asked him for permission to do so. ECF No. 39 at 41.  Around 6:05 a.m., Festa

5  defecated in a bag while waiting in his holding cage. *Id.*  Lavell immediately sent him to the

6  restroom, and by 6:30 a.m. the incident was over. *Id.*  Festa also attaches to his TAC a statement

7  by fellow inmate Eric Aghasizada, who states that Festa was denied use of the restroom for an

8  hour and a half. ECF No. 39-1 at 11-12.  Thus, it is reasonable to infer that Festa was deprived of

9  using the restroom for at most an hour and a half.[4]

10    Festa fails to plausibly allege a severe or prolonged deprivation under the objective

11  standard because he alleges a minor deprivation of restroom access that lasted at most 90

12  minutes.  Because Festa's allegations fail to meet the objective standard, which is necessary for a

13  cognizable claim, I need not address his allegation that Lavell's conduct was retaliatory, which

14  would be considered under the subjective standard.  Furthermore, even if Festa's allegations

15  could amount to an Eighth Amendment violation, Festa has not identified clearly established law

16  that would have put Lavell on notice that a 90-minute denial of access to the restroom would

17  _____

18  paper); *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972) (holding that a prisoner stated
   a claim where he alleged that he was confined for five days in a strip cell with only a pit toilet
19  and no light, sink, or washing facilities).

   [3] I may consider allegations contained in the pleadings, exhibits attached to the complaint, and
20  matters properly subject to judicial notice when ruling on a motion to dismiss. *Swartz v. KPMG
   LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

21  [4] Festa later added in his response to the defendants' motion to dismiss that he was made to
22  "suffer in his own filth for the remainder of the transport," again without stating the duration of
   the transport. ECF No. 91 at 6–8.  In considering a motion to dismiss, I generally consider only
23  the allegations in the plaintiff's complaint. *Swartz*, 476 F.3d at 763.  But even if I could consider
   this new allegation, it still does not state how long Festa allegedly had to endure this unsanitary
   condition.

violate Festa's Eighth Amendment rights, so Lavell is entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Green v. Camreta*, 588 F.3d 1011, 1031 (9th Cir. 2009).  I therefore grant the defendants' motion to dismiss Festa's Eighth Amendment claim against Lavell.

### E.    Equal Protection

Festa asserts a class of one equal protection claim against Lavell based on Lavell allowing the other prisoners to use the restroom but repeatedly denying him access. ECF No. 39 at 24.  Lavell moves to dismiss the equal protection claim based on qualified immunity, arguing that Festa cannot identify clearly established law that would have put Lavell on notice that while supervising multiple inmates, temporarily depriving one of them of restroom access would violate the Equal Protection Clause.  Festa responds that Lavell acted in retaliation and it is clearly established that officials cannot intentionally retaliate against him.

To determine if qualified immunity applies, I consider whether the facts alleged by the plaintiff set forth a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  I may address these questions in any order. *Id.* at 236.  "A right is clearly established for purposes of qualified immunity only where [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017) (quotation omitted, alterations in original).  "The plaintiff bears the burden to show that the contours of the right were clearly established." *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011).

To succeed on a "class of one" claim, Festa must allege facts plausibly showing that Lavell "(1) intentionally (2) treated [him] differently than other similarly situated [prisoners],

1  (3) without a rational basis." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

2  Festa must allege Lavell's conduct was intentional, but he need not show that Lavell was

3  "motivated by subjective ill will." *Id.*  The rational basis prong "turns on whether there is a

4  rational basis for the distinction, rather than the underlying government action." *Id.* at 1023

5  (emphasis omitted).

6      At the time of the incident, Festa was one of many prisoners that Lavell was supervising

7  and allowing to use the restroom while the prisoners were waiting to be transported to another

8  prison. ECF No. 39 at 24.  As discussed above, it is reasonable to infer that Lavell did not allow

9  Festa to use the restroom for at most 90 minutes.  Festa has not identified clearly established law

10 that would have put Lavell on notice that when supervising multiple inmates who request to use

11 the restroom, he violates the Equal Protection Clause by allowing some to go before others over

12 a 90-minute period.[5]  Even if this amounted to an equal protection violation, "a reasonable but

13 mistaken belief that his conduct was lawful would result in the grant of qualified immunity."

14 *Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003).  Lavell could have reasonably

15 believed that requiring Festa to wait to use the restroom was lawful given that he was supervising

16 multiple inmates who were requesting to use the restroom.  He therefore is entitled to qualified

17 immunity for this claim.

18      Festa focuses on his contention that Lavell denied him use of the restroom in retaliation

19 for his filing grievances against Gordon.  However, as I stated in the screening order, Festa did

20 not allege in the TAC "facts sufficient to show that [Lavell was] aware of his complaints against

21

22 _____

23 [5] Indeed, this potentially puts a correctional officer in a no-win situation.  When supervising
   multiple prisoners, he inevitably must choose the order in which those inmates use the restroom
   while also maintaining security over the other prisoners.  It cannot be said that by letting
   everyone else go first, he has violated the equal protection rights of the one who goes last.

1   Gordon, much less that [Lavell] denied him access to the toilet because of those complaints."

2   ECF No. 59 at 18. Accordingly, Festa failed to allege facts sufficient to support a retaliation

3   claim. *Id.*

4          **F.      Leave to Amend**

5          When a court dismisses a complaint, a pro se plaintiff should be given leave to amend

6   with directions for curing the deficiencies, unless it is clear that the deficiencies could not be

7   cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Where, as

8   here, the plaintiff's claims are barred as a matter of law and a reasonable inference demonstrates

9   that he cannot state a claim even when provided an opportunity to amend, the deficiencies cannot

10  be cured so amendment would be futile.  Festa's injunctive relief request is moot and his § 1983

11  claims for money damages against the defendants' in their official capacities are barred as a

12  matter of law, so amendment would be futile for those claims.

13         However, I grant Festa leave to amend his § 1983 Eighth Amendment and First

14  Amendment retaliation claims against Lavell because Festa may be able to cure the deficiencies

15  identified in this order and the screening order.  In his opposition, Festa offers new allegations

16  that he had to sit in soiled pants for the duration of the transport. ECF No. 91 at 6–7, 9.

17  Although he does not identify how long that was, it is possible that it was sufficiently long to

18  support an Eighth Amendment claim.  Additionally, he attaches to his opposition a declaration in

19  which he states that during the transport incident, the "prison guards," including Lavell, stated

20  "we know who you are, going around suing people, this is what you get." ECF No. 91 at 12.

21  While I cannot consider these new allegations in deciding this motion because I am confined to

22  the allegations in the TAC, these new allegations provide a basis to conclude that amendment

23

1  may not be futile for these claims.  I therefore grant Festa leave to amend his Eighth Amendment

2  and First Amendment claims against Lavell.[6]

3  **II. CONCLUSION**

4       I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 86) is**

5  **GRANTED**.  Plaintiff Anthony Festa's request for injunctive relief, claims for money damages

6  under 42 U.S.C. § 1983 against defendants Justin Gordon, Michael Lavell, and Joshua Wikoff in

7  their official capacities, and equal protection claims are dismissed with prejudice.

8       I FURTHER ORDER that by June 8, 2020, plaintiff Anthony Festa may file an amended

9  complaint to cure the deficiencies identified in this order and in the screening order only with

10  respect to his Eighth Amendment and First Amendment retaliation claims against defendant

11  Michael Lavell.  I remind Festa that if he chooses to amend, his amended complaint must be a

12  complete document in and of itself and will supersede the third amended complaint in its

13  entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried

14  forward in the amended complaint will no longer be before the court.  If Festa chooses not to

15  amend, the case will proceed on those claims that are still pending following the screening order

16  and Michael Lavell will be dismissed as a defendant.

17       DATED this 4th day of May, 2020.

18

19                      ANDREW P. GORDON
                    UNITED STATES DISTRICT JUDGE

20

21  ---

[6] I recognize that the defendants' motion does not address First Amendment retaliation because I

22  dismissed that claim in the screening order.  Nevertheless, it is clear from the briefing that Festa is contending Lavell acted with retaliatory motive.  He has attested to facts in his affidavit

23  attached to the motion to dismiss that, if properly alleged in an amended complaint, would plausibly state that Lavell knew that Festa had filed complaints against Gordon and that Lavell deprived him of access to restroom in retaliation for those complaints.

11