1

2

3

4

5    **UNITED STATES DISTRICT COURT**

6    **DISTRICT OF NEVADA**

7    ANTHONY FESTA,                                    Case No.: 2:17-cv-00850-APG-NJK

8           Plaintiff(s),
                                                        **ORDER and**
9    v.                                         **REPORT AND RECOMMENDATION**

10   BRIAN SANDOVAL, et al.,                           [Docket Nos. 103, 111]

11          Defendant(s).

12          Pending before the Court is Plaintiff's motion for leave to file a fourth amended complaint.

13   Docket No. 103.[1]  Defendants responded by filing a motion to screen the proposed fourth amended

14   complaint.  Docket No. 111.  Plaintiff filed a response to that motion to screen and Defendants

15   filed a reply.  Docket Nos. 112, 113.  The motions are properly resolved without a hearing.  *See*

16   Local Rule 78-1.

17   **I.      BACKGROUND**

18          This is a prisoner civil rights action centered on allegations that, while incarcerated at High

19   Desert State Prison, Plaintiff was subjected to sexual harassment and disparate treatment because

20   he is gay.  As the parties are familiar with the factual allegations and the procedural background,

21   the Court will not outline them here.

22   **II.     MOTION TO SCREEN**

23          On July 14, 2020, the Court indicated that it would not screen Plaintiff's fourth proposed

24   amended complaint and, instead, Defendants would need to respond to the motion to amend.  *See*

25   Docket No. 106 (citing *Olausen v. Murguia*, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014)).

26   Nonetheless, Defendants filed a "motion to screen the fourth amended complaint" that provided

27   _____

28          [1] As Plaintiff is proceeding without an attorney, the Court construes his filings liberally.
     *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

legal arguments as to why they believe certain claims fail. Docket No. 111. It is not entirely clear what it is that Defendants are seeking. A court "screens" a complaint by *sua sponte* analyzing whether the plaintiff fails to state a claim. *E.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (*en banc*); *Buckheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (screening is completed "without benefit of an adversarial presentation"). Although Defendants ask for such a "screening," they provide legal argument for the Court to consider. *See* Docket No. 111. As there is no need to *sua sponte* screen the complaint, the motion seeking that request will be denied as moot. Instead, the Court treats Defendants' filing as a response opposing the motion for leave to amend on futility grounds. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

**III.    MOTION TO AMEND**

Plaintiff's motion to amend has two basic components. First, Plaintiff has addressed deficiencies for which United States District Judge Andrew P. Gordon has already allowed leave to amend. *See* Docket No. 103 at 2. Defendants do not oppose that aspect of the motion. *See* Docket No. 111 at 6. As Judge Gordon has already granted permission for those amendments and there is no opposition to them, that aspect of the motion to amend will be granted.

In addition, the motion for leave to file a fourth amended complaint seeks to plead new causes of action. *See* Docket No. 103 at 2-3. Defendants oppose this aspect of the motion, particularly with respect to the ability to sue particular Defendants and the sufficiency of Plaintiff's attempts to plead the Thirteenth, Fourteenth, Sixteenth, Seventeenth, and Eighteenth causes of action. *See* Docket No. 111. The Court addresses the specific issues in dispute below.

A.    STANDARDS

Requests for leave to amend are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2)

undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052.

Although there is a liberal policy in favor of allowing amendment, such relief is not granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Futility alone can justify a court's refusal to grant leave to amend. *Novak*, 795 F.3d at 1020. District courts possess broad discretion to deny leave to amend the pleadings. *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

B.    ANALYSIS AS TO PARTICULAR DEFENDANTS

1.    Claims against Sandoval, Dzurenda, and Williams

Plaintiff's proposed fourth amended complaint attempts to bring causes of action against Governor Sandoval, Director of Prisons Dzurenda, and Warden Williams. Defendants argue that the fourth amended complaint fails to state a claim against any of these Defendants because there are no allegations of their personal participation in the alleged constitutional violations. *See* Docket No. 111 at 8-11.[2]

Judge Gordon has already outlined the applicable standards in this case:

> A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

---

[2] Defendants also argue that Plaintiff's state law claims against Governor Sandoval, Director of Prisons Dzurenda, and Warden Williams are improper. *See* Docket No. 111 at 11-12. For the reasons discussed below, none of Plaintiff's state law claims will proceed.

1   Docket No. 15 at 8.  The proposed fourth amended complaint does not meet these standards with

2   respect to Governor Sandoval, Director of Prisons Dzurenda, or Warden Williams.  Plaintiff does

3   not attempt to plead that any of these Defendants personally participated in the alleged misconduct,

4   alleging instead that they knew of the alleged violations and failed to act to prevent them.  Docket

5   No. 103-1 at ¶¶ 26, 71, 80, 87, 94, 102, 109, 116, 124, 131, 138, 145, 153, 160, 178, 187, 194,

6   200.[3]

7       As such, leave to amend with respect to claims against Governor Sandoval, Director of

8   Prisons Dzurenda, or Warden Williams would be futile.

9                 2.     Claims against Pugh and Jackson

10      Concurrently herewith, the undersigned is recommending that Defendant Pugh and

11  Defendant Jackson be dismissed for lack of service.[4]  As such, the undersigned does not address

12  the substance of any claims against Defendant Pugh or Defendant Jackson presented in the

13  proposed Fourth Amended Complaint.

14      **B.     ANALYSIS AS TO PARTICULAR CAUSES OF ACTION**[5]

15              1.     Thirteenth Cause of Action

16      Plaintiff's proposed thirteenth cause of action is premised on an alleged conspiracy to

17  violate his constitutional rights.  *See* Docket No. 103-1 at ¶¶ 158-64.  Defendants argue that such

18

19          [3] Moreover, the exhibits attached to Plaintiff's proposed fourth amended complaint show
20  that his inquiries with these Defendants were routed to the Inspector General's Office for review.
    Docket No. 103-2 at 2-4; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts
21  may consider exhibits attached to the complaint).  "The Inspector General is responsible for
    conducting or assigning investigations related to PREA, criminal activity by or on behalf of
    inmates, other incidents, and staff misconduct accusations."  Nev. Admin. Reg. 457.  Plaintiff
22  offers no explanation how his allegations of a failure to act could be considered plausible given
    that action was in fact taken to route his concerns to the appropriate governmental body.
23
24          [4] The fact that Plaintiff's motion for leave to amend is being granted in part does not impact
    the expiration of the deadline by which to effectuate service on Defendant Pugh or Defendant
25  Jackson.  *E.g.*, *Mitchell v. County of Nye*, 2016 WL 6782740, at *2 (D. Nev. Nov. 14, 2016) (citing
    *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006)) (amending the complaint
    does not restart the Rule 4(m) clock except as to newly added defendants).
26
27          [5] Defendants challenge the sufficiency of the proposed ninth cause of action, which is
    centered on allegations that Defendant Pugh retaliated against Plaintiff.  *See* Docket No. 111 at
28  12-13.  In light of the recommendation that Defendant Pugh be dismissed for lack of service, the
    undersigned does not address the arguments presented as to the sufficiency of this claim.

amendment would be futile because specific facts have not been alleged to establish such a conspiracy. Docket No. 111 at 13-14.

"To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). A claim of conspiracy supported "only by conclusory allegations" is insufficient. *Id.*; *see also Solomon v. Las Vegas Metro. Police Dept.*, 441 F. Supp. 3d 1090, 1100-01 (D. Nev. 2020). The allegations in the proposed fourth amended complaint fail to meet these standards. This cause of action is instead premised on bald assertions that various defendants conspired with one another at Plaintiff's expense. For example, the complaint alleges without specific facts that "Defendants Gordon, Pugh, LaVell, Wyckoff, and Provincial, acting under color of state law, conspired to deprive Festa of his constitutional rights under the First Amendment." Docket No. 103-1 at ¶ 161. Such a conclusory allegation fails as a matter of law to plead a claim for conspiracy.

As such, leave to amend with respect to this cause of action would be futile.

### 2. Fourteenth Cause of Action

Plaintiff's proposed fourteenth cause of action is for intentional infliction of emotional distress against all Defendants. In opposing amendment, Defendants note that the state of Nevada has not waived sovereign immunity for state tort claims. *See* Docket No. 111 at 11 n.4. A growing body of case law in this District recognizes that prisoners cannot bring Nevada state law tort claims in federal court against state employees because (1) such a claim must be brought against the state itself, but (2) the state cannot be sued in federal court in light of its sovereign immunity. *See Fowler v. Sisolak*, 2020 WL 2104932, at *2 (D. Nev. May 1, 2020), *recon. denied*, 2020 WL 2298779, at *2 (D. Nev. May 7, 2020); *see also Edwards v. Estill*, 2020 WL 6286233, at *5 (D. Nev. Oct. 26, 2020); *Winn v. Dzurenda*, 2020 WL 5569590, at *10-11 (D. Nev. Sept. 17, 2020); *Hano v. Nev.*, 2020 WL 5502153, at *11 (D. Nev. Sept. 3, 2020); *Moten v. Dzurenda*, 2020 WL 4194845, at *4 (D. Nev. July 20, 2020); *Igbinovia v. Dzurenda*, 2020 WL 2841780, at *5-6 (D. Nev. June 1, 2020); *Entsminger v. Aranas*, 2020 WL 3106208, at *1-2 (D. Nev. May 13, 2020), *adopted*, 2020 WL 3103898, at *1 (D. Nev. June 11, 2020); *Rivera v. Dzurenda*, 2020 WL

1695486, at *5 (D. Nev. Apr. 7, 2020); *Patterson v. Calderin*, 2020 WL 1044008, at *5 (D. Nev. Mar. 4, 2020).[6]  For the same reasons here, Plaintiff cannot proceed in this Court on his state law tort claim.

As such, leave to amend with respect to this cause of action would be futile.

### 3.    Sixteenth Cause of Action

Plaintiff's proposed sixteenth cause of action is premised on the Prison Rape Elimination Act of 2003 ("PREA").  *See* Docket No. 103-1 at ¶¶ 182-90.  Defendants argue that such amendment is futile because the PREA does not create a private cause of action.  *See* Docket No. 111 at 16.  Judge Gordon has already held in this case that there is no private right of action under the PREA and that any attempts to plead such a claim fail as a matter of law.  Docket No. 59 at 5 n.2.  As such, leave to amend with respect to this cause of action would be futile.

### 4.    Seventeenth and Eighteenth Causes of Action

Plaintiff's proposed seventeenth and eighteenth causes of action are premised on alleged violations of N.R.S. 212.140.  *See* Docket No. 103-1 at ¶¶ 191-204.  Defendants argue that such amendment is futile because this statute does not create a private cause of action.  *See* Docket No. 111 at 16-17.  Plaintiff does not argue to the contrary.  *See* Docket No. 112 at 11.

The statute at issue provides for a criminal penalty with respect to certain prison-related communications.  N.R.S. 212.140.  Nevada's criminal statutes do not generally create a private right of action absent an express provision allowing such civil enforcement.  *E.g.*, *Ames v. Caesars*

---

[6] The lawyering of defense counsel falls short of the Court's expectations.  For example, although Defendants' brief references sovereign immunity, it does not develop this argument.  Instead, counsel argues that the allegations are not sufficiently egregious to meet the IIED standards.  Docket No. 111 at 14-15.  In doing so, defense counsel ignores the most extreme misconduct alleged.  *See, e.g.*, Docket No. 103-1 at ¶¶ 52-58 (alleging that Lavell denied Plaintiff bathroom access, forcing him to defecate in a holding area and to then be transported in soiled clothing for two days).  Counsel sugarcoats the allegations that are addressed, such as painting Wickoff's alleged misconduct as a benign act of "placing letters in a holding area before mailing them."  Docket No. 111 at 15.  That is not a fair depiction of the allegations, Docket No. 103-1 at ¶ 60, and is at odds with the Court's own discussion of them, Docket No. 59 at 16-17.  Adopting counsel's approach would also run afoul of controlling authority that allegations must be viewed in the light most favorable to the plaintiff.  *E.g.*, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).  The Court expects better from counsel moving forward.

*Ent't Corp.*, 2019 WL 1441613, at *6 (D. Nev. Apr. 1, 2019). As N.R.S. 212.140 lacks such a provision for civil enforcement, Plaintiff cannot proceed with these claims.

As such, leave to amend with respect to these causes of action would be futile.

## V.    CONCLUSION

For the reasons discussed above, the Court orders that the motion to screen is **DENIED** as moot.

For the reasons also discussed above, the Court orders that the motion for leave to amend is **GRANTED** in part[7] and that this case will proceed on the following claims as pled in the Fourth Amended Complaint:[8]

- First cause of action against Gordon
- Second cause of action against Lavell
- Third cause of action against Gordon
- Fourth cause of action against Provencal
- Fifth cause of action against Gordon
- Seventh cause of action against Lavell
- Eighth cause of action against Gordon
- Tenth cause of action against Wickoff
- Eleventh cause of action against Lavell
- Twelfth cause of action against Gordon
- Fifteenth cause of action against Gordon, Provencal, Lavell, and Wickoff

The Clerk's Office is **INSTRUCTED** to file the proposed Fourth Amended Complaint (Docket No. 103-1) on the docket.

---

[7] A magistrate judge has the authority to grant leave to amend, but will generally fashion a denial of leave to amend on futility grounds as a report and recommendation to the assigned district judge. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163-64 (9th Cir. 2015); *see also JJCO, Inc. v. Isuzu Motors Am., Inc.*, Civ. Case No. 08-00419-SOM/LEK, 2009 WL 3818247, at *3 (D. Haw. Nov. 12, 2009) (discussing denial of leave to amend on futility grounds). The undersigned issues an order granting leave to amend in part and a report and recommendation denying leave to amend in part.

[8] Given the age of the case, the Court is issuing a scheduling order so that discovery can proceed on the claims for which dismissal is not recommended.

1    For the reasons also discussed above, the undersigned **RECOMMENDS** that the motion

2  to amend be **DENIED** in part.  In particular, the undersigned recommends that amendment be

3  denied as futile with respect to all claims against Governor Sandoval, Director of Prisons

4  Dzurenda, and Warden Williams, as well as with respect to the ninth, thirteenth, fourteenth,

5  sixteenth, seventeenth, and eighteenth causes of action.

6    IT IS SO ORDERED.

7    Dated: November 30, 2020

8    _____

9    Nancy J. Koppe
     United States Magistrate Judge

10

11    **NOTICE**

12    This report and recommendation is submitted to the United States District Judge assigned

13  to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

14  recommendation must file a written objection supported by points and authorities within fourteen

15  days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

16  a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951

17  F.2d 1153, 1157 (9th Cir. 1991).

18

19

20

21

22

23

24

25

26

27

28