UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY FESTA,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:17-cv-00850-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is an order for Plaintiff to show cause why Defendant Pugh and Defendant Jackson should not be dismissed for lack of service. Docket No. 115.[1] Plaintiff filed a response, Docket No. 116, Defendants filed their own response, Docket No. 117, and Plaintiff filed a reply, Docket No. 118.

**I.   BACKGROUND**

This is a prisoner civil rights action centered on allegations of sexual harassment and disparate treatment. The case was initiated on March 21, 2017. Docket No. 1. Upon screening various iterations of the complaint and allowing time for settlement discussions, the Court ordered that service be effectuated by August 27, 2019. Docket No. 74 at 2 (citing Fed. R. Civ. P. 4(m)). On July 9, 2019, the Office of the Attorney General made clear that it was not accepting service for, *inter alia*, Defendant Pugh or Defendant Jackson. Docket No. 83.

Having not received proofs of service for either of those defendants, on April 30, 2020, the Court issued a notice of intent to dismiss them pursuant to Rule 4(m). Docket No. 96. Plaintiff

---

[1] The order to show cause recognized that a proof of service had been filed with respect to Defendant Provencal and did not require any further discussion as to him. *See* Docket No. 115.

1

responded to that notice with a motion to extend the time for service. *See* Docket No. 102.[2] The Court granted that motion, providing 45 additional days for service with the express caveat that "**there will be no further extensions provided**." Docket No. 105 (emphasis in original). Hence, the extended deadline to effectuate service on Defendant Pugh and Defendant Jackson expired on August 29, 2020. *See id.*

## II.   STANDARDS

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Defendants not served by the applicable deadline are subject to dismissal. Fed. R. Civ. P. 4(m). The purpose behind the service deadline is to enforce the need for litigants to be diligent in pursuing their cases. *See Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 320-21 (9th Cir. 1987). "Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service." *Bivins v. Ryan*, 2013 WL 2004462, at *3 (D. Nev. May 13, 2013). In exercising its discretion with respect to dismissal, courts may instead provide an extension to the service deadline. *See id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Additional means are available to *pro se* prisoners proceeding *in forma pauperis* to effectuate service, such as assistance from the United States Marshal if requested. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). Nonetheless, a plaintiff's *pro se* status does not excuse a failure to effectuate service in a timely manner. *Colen v. United States*, 2008 WL 2051597, at *4 (C.D. Cal. May 12, 2008). It ultimately remains the plaintiff's responsibility to obtain an address at which the defendant may be served. *Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018). Moreover, it is the plaintiff's responsibility to file a request for specific relief providing the pertinent information. *See Himmelberger v. Vasques*, 2009 WL 1011733, at *1 (N.D. Cal. Apr. 15, 2009) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). "While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions

---

[2] This was the second motion to extend, as the first was denied without prejudice for failing to address the applicable standards. *See* Docket No. 100; *see also* Docket No. 98.

on his behalf regarding how his case should proceed." *Gibbs*, 2017 WL 8131473, at *3; *accord Bivins*, 2013 WL 2004462, at *3.

### III.   DEFENDANT JACKSON

The undersigned begins by addressing the lack of service on Defendant Jackson. Plaintiff's Third Amended Complaint includes claims against Defendant Jackson that survived the screening process. *See, e.g.*, Docket No. 59 at 17-18.[3] Plaintiff has not since filed a proof of service with respect to Defendant Jackson and Plaintiff did not respond to the order to show cause why Defendant Jackson should not be dismissed for lack of service. *See* Docket No. 116. Accordingly, Defendant Jackson should be dismissed for lack of service.

### IV.   DEFENDANT PUGH

The undersigned next addresses the lack of service on Defendant Pugh.

On July 9, 2019, Plaintiff was given notice that service would not be accepted on behalf of Defendant Pugh. *See* Docket No. 82. Plaintiff should have filed a motion at that juncture to enable service to occur. *See* Docket No. 74 at 3. Plaintiff did not seek relief at that time. Instead, upon receiving a notice of potential dismissal for lack of service many months later, Plaintiff simply indicated that he was still in the process of gathering the means to effectuate service as of May 24, 2020. *See* Docket No. 98 at 2-3. The Court ultimately provided an extended deadline of August 29, 2020, for Plaintiff to effectuate service. Docket No. 105. The Court expressly warned that "**there will be no further extensions provided**." *Id.* (emphasis in original). Plaintiff has not to date filed a proof of service with respect to Defendant Pugh.

Notwithstanding the above, Plaintiff responded to the order to show cause with essentially a request for another extension. *See* Docket No. 116 at 2. A further extension is not warranted in this case. The Court has already provided ample time to effectuate service and an insufficient

---

[3] Plaintiff's proposed Fourth Amended Complaint does not identify Defendant Jackson in the caption, but it does include factual allegations regarding Defendant Jackson. *See* Docket No. 103-1 at ¶¶ 52-56. 77-79. Hence, it is not entirely clear whether Plaintiff intends to proceed against Defendant Jackson vis-à-vis the Fourth Amended Complaint. *Cf. Roberts v. Las Vegas Metropolitan Police Dept.*, 2018 WL 4635686, at *2 (D. Nev. Sept. 27, 2018) (finding that defendants not identified in the caption of a complaint, but against whom allegations were made in the body of that complaint, were parties to the lawsuit). Rather than leave Defendant Jackson's status in limbo, the better approach is to dismiss him at this juncture given the lack of service.

showing has been made that diligence during that period could not have resulted in effective service on Defendant Pugh.[4] Nor has a proof of service been filed in the two months since the order to show cause was issued. Particularly given the failure to effectuate service in the lengthy period already allowed, there is no reasonable assurance that service will actually be effectuated in the near future.[5] Moreover, there is no factual showing made that Defendant Pugh has actual knowledge of this case.[6] Lastly, this is an old case that needs to move forward through the discovery process so that it can advance toward resolution on the merits with respect to the other defendants, *see* Fed. R. Civ. P. 1, which raises a significant risk of prejudice to Defendant Pugh in allowing him to remain as an absent defendant in this case.

Given the circumstances, Defendant Pugh should be dismissed for lack of service pursuant to Rule 4(m) and the case should proceed on the remaining aspects that are viable.[7]

---

[4] Plaintiff hired a private investigator in an effort to locate Defendant Pugh and attempted service on him at two locations. Docket No. 116-1. While Plaintiff has not completely sat on his hands, these efforts do not establish good cause for failing to effectuate service since July 2019.

[5] Plaintiff asks the Court to arrange for the Office of the Attorney General to provide contact information as to Defendant Pugh. Docket No. 116 at 3. The Court already did that long ago, while also ordering Plaintiff to file a motion for relief as to any named defendant for whom service was not accepted. Docket No. 74 at 3 (order issued May 31, 2019); *see also* Docket No. 82 (last known address for Defendant Pugh filed on July 9, 2019); Docket No. 83 (notice served on Plaintiff as to sealed filing of last known address for Defendant Pugh filed on July 9, 2019). Although Plaintiff now complains that Defendant Pugh's last known address was filed under seal, *see* Docket No. 118 at 2-3, the fact remains that Plaintiff could have filed a motion for relief long ago to advance his efforts at completing service and he did not do so. The ship has sailed on the type of relief now being sought.

[6] Plaintiff asserts on "information and belief" that Defendant Pugh "is well aware of this complaint" and that he is "evading service." Docket No. 116 at 2-4. No evidentiary support is furnished to support these accusations, however.

[7] Concurrently herewith, the undersigned is addressing Plaintiff's ability to proceed on a Fourth Amended Complaint. The resolution of that issue does not impact Defendant Pugh's dismissal because amending the complaint does not restart the Rule 4(m) clock with respect to existing defendants. *E.g.*, *Mitchell v. County of Nye*, 2016 WL 6782740, at *2 (D. Nev. Nov. 14, 2016) (citing *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

## V. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that both Defendant Jackson and Defendant Pugh be **DISMISSED** from this action without prejudice.

Dated: November 30, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).