UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONTY FESTA,

    Plaintiff(s),

v.

BRIAN SANDOVAL, et al.,

    Defendant(s).

Case No. 2:17-cv-00850-APG-NJK

**Order**

[Docket No. 148]

Pending before the Court is Plaintiff's motion to compel compliance with a non-party subpoena. Docket No. 148.[1] The Nevada Department of Corrections ("NDOC") filed a response. Docket No. 157. Plaintiff filed a reply. Docket No. 159. The Court will resolve the instant dispute if need be, but it will **DEFER** ruling at this time to enable a robust meet-and-confer by Plaintiff, attorney Rands, and attorney Guy. This conference must take place in-person, by video, or by telephone. *See* Local Rule IA 1-3(f). A joint statement as to the results of the conference must be filed by February 18, 2022.

Although the Court will not herein resolve the disputes presented, it will provide some tentative guidance in an effort to advance the conferral efforts ordered above.

First, a party is entitled to seek the production of documents from a non-party by issuance of a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(a)(1)(iii). Moreover, "[i]t is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *4 (D. Nev. Nov. 22, 2013) (quoting *Painters Jt. Comm. v. Emp. Painters Tr. Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011)). Hence, it is not a problem that a

---

[1] As Plaintiff is proceeding without an attorney, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

subpoena seeks relevant information, *but see* Docket No. 157 at 5, as that is actually a requirement for a proper subpoena, *e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("Any information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case").

Second, and relatedly, the same undue burden analysis that applies to party discovery also governs non-party discovery in civil[2] cases. Fed. R. Civ. P. 45(d)(3)(A)(iv); *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012); *but see* Docket No. 148 at 8 (appearing to argue that the burden in complying with the subpoena is not a proper consideration). The parties may wish to consider using the meet-and-confer being ordered as a means to narrow the discovery requests at issue to target information that may be truly significant to the case. *See Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) ("The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery").

Third, notice of the instant subpoena was served through CMECF on the Attorney General's Office on September 17, 2021. Docket No. 144, Notice of Electronic Filing (evidencing that notice was sent to cguy@ag.nv.gov, cknight@ag.nv.gov, cmackerl@ag.nv.gov, mpizzariello@ag.nv.gov, and sregalado@ag.nv.gov). Moreover, counsel for NDOC acknowledges receipt of the subpoena. Docket No. 157 at 2. The Court has not been presented with any meaningful showing that circumstances are insufficient to establish service. *Cf. Cardinali v. Plusfour, Inc.*, 2019 WL 3456630, at *5-6 (D. Nev. June 20, 2019).

Fourth, the Court discerns no basis for the contention that the subpoena (received by the Attorney General's Office on September 17, 2021) is somehow an attempt to circumvent the discovery cutoff set for more than a month later. *See* Docket No. 141 at 3 (setting discovery cutoff of October 29, 2021); *but see* Docket No. 157 at 5-6 (arguing timeliness).

Fifth, Plaintiff certifies that he attempted to meet-and-confer prior to filing the instant motion. Docket No. 148 at 8. That no one from the Attorney General's Office responded to these

---

[2] Cases regarding criminal matters being investigated by a grand jury do not provide the standards for the proper scope of discovery in this civil case. *But see* Docket No. 148 at 8.

2

requests does not appear to be grounds to deny Plaintiff's motion. *See* Fed. R. Civ. P. 37(a)(1) (a movant must have conferred or "attempted to confer"). Moreover, the Court has not been presented with any meaningful showing that a pro se litigant's meet-and-confer efforts are insufficient because NDOC has chosen to utilize the services of a different attorney in that office in opposing the instant motion.[3]

Lastly, although the Court declines to make any conclusive factual findings herein,[4] it is troubled by the conduct being alleged by Plaintiff.[5] At a minimum, it would seem counter to the spirit of cooperation required by the discovery rules, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), if government attorneys working in the same office are sending a pro se party in circles by pointing to the other attorney's clients as the proper source for discovery.[6]

---

[3] NDOC references two letters sent to Plaintiff regarding the attorney within the office who would be addressing the subpoena. Docket No. 157 at 2. NDOC did not attach those letters to its responsive brief. Nor does NDOC explain why the messages apparently left with the Attorney General's Office could not be forwarded to NDOC's attorney of choice for this motion practice, followed by that attorney engaging with Plaintiff in a meet-and-confer as requested.

[4] The responsive papers appear to confirm the basic gist of Plaintiff's contention that he was denied the documents at issue by one attorney in the Attorney General's Office representing the named Defendants on the ground that they should instead be sought from NDOC only to have another attorney in the Attorney General's Office rebuff the effort to obtain documents from NDOC on the ground that they should be sought from the named Defendants. *See* Docket No. 157 at 7 (arguing, that to avoid an undue burden on NDOC, Plaintiff should have "resolve[d] his discovery disputes with the named defendants . . . through discovery motions").

[5] The Court is also troubled by what appears to be ignorance of basic federal discovery procedures and standards by the attorney representing NDOC. *Compare, e.g.*, Docket No. 157 at 5 (arguing that the subpoena is *improper because it seeks information relevant* to Plaintiff's claims) *with Gonzales*, 234 F.R.D. at 679-680 ("Any information sought by means of a subpoena *must be relevant* to the claims and defenses in the underlying case" because the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules").

[6] The discovery responses by the named Defendants are not directly before the Court. In an effort to ensure that discovery obligations are met, the Court notes that parties are not permitted to shirk their responsibilities to produce responsive documents based on overly technical arguments about controlling those documents. *See Branch v. Umphenour*, 2014 WL 3891813, *8 (E.D. Cal. Aug. 7, 2014) (finding individual defendants employed by prison had constructive control over documents requested); *see also Brown v. Clark Cnty. Det. Ctr.*, 2016 U.S. Dist. Lexis 119040, at *3-4 (D. Nev. Sept. 1, 2016). To the extent such grounds were advanced by the named Defendants despite obtaining what would have been responsive documents for their own use, which is what Plaintiff appears to allege, Docket No. 159 at 6-7, counsel should promptly determine whether discovery responses must be supplemented, *see* Fed. R. Civ. P. 26(e)(1).

3

As noted above, the Court is deferring ruling on the instant motion as it would seem to be in the best interests of Plaintiff, the named Defendants, and NDOC to resolve this matter amicably without a formal ruling. To the extent an amicable resolution is not achieved, the Court will resolve the motion and issue any appropriate orders arising from that ruling.

IT IS SO ORDERED.

Dated: January 28, 2022

Nancy J. Koppe
United States Magistrate Judge